**MIE JING OEI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–4561.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 10, 2008.

Opinion filed: Dec. 1, 2008.

James M. Tyler, Esq., Schubert, Bellwoar, Cahill & Quinn, Philadelphia, PA, for Petitioner.

Richard M. Evans, Esq., Virginia M. Lum, Esq., Brooke M. Maurer, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: MCKEE, NYGAARD and ROTH, Circuit Judges.

## OPINION

PER CURIAM:

Mie Jing Oei petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying her asylum and related relief and ordering her removed to Indonesia.[1] For the reasons that follow, we will grant the petition and remand for further proceedings.

Oei is an ethnic Chinese citizen of Indonesia. She came to the United States in 1999 and overstayed her visa. In May of 2001 she applied for asylum and related relief. The Immigration Judge (IJ) found that Oei had shown extraordinary circumstances to excuse her late asylum application, and, although she had not been persecuted in the past, she had a well-founded fear of persecution. The IJ granted asylum but found that Oei did not meet the higher burden for withholding of removal and also denied CAT relief. The Government appealed, and the BIA sustained the appeal, finding that Oei had not shown extraordinary circumstances to excuse her late filing, and that she was therefore not eligible for asylum. The BIA agreed with the IJ that Oei had not met her burden of showing eligibility for withholding of re-

moval or CAT relief. Oei filed a timely petition for review.

### I.

Generally, this Court lacks jurisdiction to review a decision by the IJ or the BIA that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). However, under the Real ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, our jurisdiction has been expanded to consider "constitutional claims or questions of law raised upon a petition for review" notwithstanding other jurisdictional limitations in the chapter. 8 U.S.C. § 1252(a)(2)(D); *Sukwanputra v. Gonzales,* 434 F.3d 627, 633–34 (3d Cir.2006). Thus, this Court has held that it has jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. *Sukwanputra,* 434 F.3d at 634. Oei argues that she is raising a reviewable legal issue: whether the BIA used the wrong standard in overturning the IJ's factual findings.

### II.

Prior to 2002, the BIA reviewed IJs' factual findings de novo and could engage in its own independent fact-finding. *See Wang v. Ashcroft,* 368 F.3d 347, 349 (3d Cir.2004). However, for appeals filed after September 25, 2002, 8 C.F.R. § 1003.1(d)(3)(i) and (iv) apply. *See Chavarria v. Gonzalez,* 446 F.3d 508, 516 (3d Cir.2006). Under § 1003.1(d)(3)(i), the BIA must defer to the IJ's factual findings, and may only come to a contrary conclusion after reviewing the IJ's findings and concluding that they are clearly erroneous.[2] *See Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.,* 470 F.3d 509, 514 (2d Cir.2006). Further, un-

---

**1.** The decision also granted Oei the right to voluntarily depart within 60 days of the date of the order. On January 10, 2008, we grant-

ed Oei's motion to stay the voluntary departure period and to stay removal.

**2.** § 2003.1(d)(i) states:

der § 1003.1(d)(3)(iv), the BIA is prohibited from engaging in its own independent factfinding.[3] *See Filja v. Gonzales,* 447 F.3d 241, 253 (3d Cir.2006).

Instead of deferring to the IJ's factual findings in this case, the BIA substituted its own factual findings. The IJ found that Oei was in a "very restrictive living environment" during her first year in this country. She was employed by a Chinese family (not Indonesian) in Harrisburg to take care of a house-bound 80–year–old woman. Oei rarely left the family's house, and even had to ask permission to walk a block to church on Sunday. The church was English-speaking, and Oei did not really understand what was going on. She had little contact with anyone aside from the Chinese family. The IJ noted that "there is not known to be an Indonesian community in Harrisburg," and that Oei knew only one Indonesian in the country, who lived in New York (and who got her the job). She moved to Philadelphia in February 2001 and applied for asylum within a few months of arriving in the city.

The BIA's opinion does not reflect that it found the IJ's extraordinary circumstances finding to be "clearly erroneous." Instead, the BIA simply ignored these findings and replaced them with its own version of the facts. *See Kabba v. Mukasey,* 530 F.3d 1239, 1246 (10 Cir.2008) (BIA may not reweigh the evidence submitted on clear error review). The BIA stated that it "disagreed" with the IJ's finding of extraordinary circumstances. It noted the Government's argument that Oei had "the contacts in the United States to obtain ... employment," that her employer spoke

Chinese, and that Oei left Indonesia with the intent to seek refuge in the United States. The BIA opined that Oei's situation was not much different than others seeking asylum in the United States.

Because the BIA did not defer to the IJ's factual findings and review them for clear error, and because the BIA engaged in its own independent factfinding, we will grant the petition for review and remand for further proceedings.

---

The Board will not engage in de novo review of findings of fact determined by an immigration judge. Facts determined by the immigration judge, including findings as to the credibility of testimony, shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.

**3.** § 1003.1(d)(3)(iv) states, in part:

Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.